| | |
|---|---|
| 1 | JEFFER, MANGELS, BUTLER & MARMARO LLP |
| | MICHAEL J. HASSEN (Bar No. 124823), mjh@jmbm.com |
| 2 | CHRISTOPHER H. DOYLE (Bar No. 190016), chd@jmbm.com |
| | Two Embarcadero Center, Fifth Floor |
| 3 | San Francisco, California  94111-3813 |
| | Telephone:    (415) 398-8080 |
| 4 | Facsimile:     (415) 398-5584 |

Attorneys for Defendant FEDERAL DEPOSIT INSURANCE CORPORATION, as RECEIVER for INDYMAC FEDERAL BANK, FSB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOAN CHRISTINE M. CHUAKAY, | CASE NO. CV-10-0051 PJH |
| Plaintiff, | **SUBSTITUTION OF FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR INDYMAC FEDERAL BANK, FSB; ORDER** |
| v. | |
| INDYMAC MORTGAGE SERVICING, A DIVISION OF ONEWEST, FSB; INDYMAC BANK, F.S.B.; MTDS, INC.; ALLSTATE BANCORP, INC.; MORTGAGE ELECTRONIC SYSTEM, INC.; ROBIN MORADZADEH; BENJAMIN P. COFFMAN; and DOES 1-20 inclusive, | Dept:    Courtroom 3 |
| | Judge:   Hon. Phyllis J. Hamilton |
| Defendants. | |

The Federal Deposit Insurance Corporation, as Receiver for IndyMac Federal Bank ("FDIC as Receiver"), states as follows:

      1.    On or about July 25, 2008, the Office of the Comptroller of the Currency closed IndyMac Federal Bank, and the Federal Deposit Insurance Corporation (FDIC) was named receiver.  The FDIC as Receiver accepted the appointment that same day.

      2.    As a result of this appointment, the FDIC has succeeded to "all rights, titles, powers, and privileges" of the failed institution and may "take over the assets of and operate" the failed institution with all the powers thereof.  12 U.S.C. §§1821(d)(2)(A)(i) and 1821(d)(2)(B)(i).  This includes the resolution of outstanding claims against the institution in receivership.  12 U.S.C.

1 §1821(d)(3). Accordingly, the FDIC as Receiver is the party against which the claims sought by the plaintiff Joan Christine M. Chuakay must be asserted.

3. Because the FDIC as Receiver is the proper defendant with regard to the plaintiff's claims, the FDIC as Receiver should be substituted into this action in place of defendant IndyMac Bank, F.S.B.

4. The Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") provides, in pertinent part: "After appointment of a . . . receiver for an insured depository institution, the . . . receiver may request a stay for a period not to exceed – * * * (ii) 90 days, in the case of any receiver, * * * in any judicial action or proceeding to which such institution is or becomes a party." 12 U.S.C. §1821(d)(12)(A). This 90-day stay is mandatory: "Upon receipt of a request by any …receiver pursuant to [12 U.S.C. §1821(d)(12)(A)] for a stay of any judicial action or proceeding in any court with jurisdiction of such action or proceeding, *the Court shall grant such stay as to all parties*." 12 U.S.C. §1821(d)(12)(B) (italics added).

5. Thus, upon entry of an order substituting in the FDIC as Receiver for the current defendant, IndyMac Bank, F.S.B., this matter should be stayed for 90 days.

DATED: March 25, 2010

JEFFER, MANGELS, BUTLER & MARMARO LLP
MICHAEL J. HASSEN
CHRISTOPHER H. DOYLE


By: /s/ Michael J. Hassen
MICHAEL J. HASSEN
Attorneys for Defendant FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR INDYMAC FEDERAL BANK, FSB

**ORDER**

Based on the foregoing Substitution and good cause appearing, it is hereby ORDERED:

(1) that the Federal Deposit Insurance Corporation, as Receiver for Indymac Federal Bank ("FDIC as Receiver"), is substituted in for named defendant IndyMac Bank, F.S.B., and

(2) that all proceedings in this matter are stayed for ninety (90) days, up to and including June 23, 2010.

IT IS SO ORDERED.

Dated: March 26, 2010



HON. _____
UNITED STATES DISTRICT COURT JUDGE